Hecht, J.
(dissenting). I dissent and vote to reverse the judgment and to dismiss the complaint. Plaintiff’s hospitalization would be excluded from coverage under her Associated Hospital Service policy upon a finding of any of the following: (1) that she was admitted to the hospital primarily for diagnostic studies; (2) that, regardless of the original purpose for admission, the services actually rendered were primarily diagnostic studies; (3) that the hospital stay was for a rest cure; or.(4) that, in any event, hospital confinement was not necessary for the proper treatment of plaintiff. The record shows that this New York City resident was admitted to the Putnam Community Hospital in Carmel, New York, for a five-day stay in 1965. The admitting physician had not examined the plaintiff himself but admitted her on the basis of a consultation with a New York City colleague to whom plaintiff had been referred by her original physician. No reason for hospitalizing plaintiff in this up-State institution is apparent, other than the fact that it suited the convenience of the admitting physician, who had privileges at that institution. Allegedly, plaintiff’s principal complaint was persistent abdominal pain (following the mumps) —for which she had received antibiotics in the week prior to admission — and tentative diagnosis on admission was pyelonephritis (i.e., inflammation of the kidney). The hospital record reveals that no medication was ever administered for abdominal pains, and, indeed on the day of admission a laxative was administered, which, according to defendant’s expert, is always contraindictated where there are nonspecific abdominal pains. Neither was plaintiff put on *435 any special diet. Bather, the admitting physician prescribed a regular diet, and bed rest with bathroom privileges. The admitting physician, who was plaintiff’s expert witness at trial, was emphatic in asserting that he admitted plaintiff for treatment purposes and not diagnosis. ■ However, this doctor’s view of the relationship between treatment and diagnosis was highlighted by his testimony that, in his opinion, “ diagnosis implies treatment. Treatment implies diagnosis and medically, I cannot separate them.” When pressed to describe the specific treatment given plaintiff during her hospital stay, this doctor’s answer was “observation”. During the course of her brief hospital stay, plaintiff’s bed rest was interrupted for the administration of no less than 20 different laboratory studies, examinations and diagnostic X rays. Hpon discharge, the final diagnosis was “ viremia following mumps and prob. pancreatic involvement”, coded on the hospital r'ecord with a question mark. The record also lists plaintiff’s “ condition upon discharge ” as “unimproved”. It is to be noted that this concluding diagnosis differs from the initial one and, notwithstanding the battery of diagnostic studies, appears- to be rather inconclusive.
I believe that the record herein amply demonstrates that plaintiff’s hospital stay falls within one or more of the exclusions contained in the Associated Hospital Service policy. The opinion of plaintiff’s medical expert (who was also the attending physician) that mere “ observation ” constitutes medical treatment is entitled to the same consideration as his opinion that no possible distinction can be made between treatment and diagnostic procedures, an opinion which runs counter to well established case law.
While I share my brothers’ solicitude for Associated Hospital Service subscribers, who presumably are at the mercy of their physicians when it comes to a determination of whether or not hospitalization is actually required, I am also mindful of the fact that documented studies by our State Insurance Department have established that unnecessary hospital utilization is a major contributing factor in ever-rising subscriber rates in the Associated Hospital Service plan. I believe that the record1 herein describes just such a case of unnecessary hospital utilization. In all events, I view the record as clearly establishing that the exclusion provisions of the Associated Hospital Service policy are controlling and I would reverse the judgment.
Hofstadter and Markowitz, JJ., concur in memorandum by Markowitz, J.; Hecht, J., dissents in dissenting memorandum.
Judgment affirmed, etc.